**Kennedy QUANSAH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40920–AG.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

**864**

Roland M. Gell, New York, New York, for Petitioner.

Paul J. McNulty, United States Attorney for the Northern District of Virginia, Gerard J. Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Kennedy Quansah, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir. 2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

■ Substantial evidence supports the IJ's finding that Quansah failed to demonstrate past persecution. The only personal harm Quansah described was the looting of his store, and he failed to establish that the looters targeted his store specifically because of his political opinion. While he

did indicate that the looters were targeting businessmen, the IJ reasonably characterized their actions as generalized revolutionary violence, which would not constitute persecution. Quansah did not become politically involved until ten years after this event, and never asserted that he suffered any actual harm from the authorities on account of his involvement. He testified that the police threatened him with arrest, but suggested that their reasons had much more to do with his friend's political involvement than his own.

■ Because Quansah failed to show past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). His fear of future persecution rested entirely on the allegedly outstanding arrest warrant. However, he acknowledged that it had been ten years since the warrant was issued, and that he had never had anyone in Ghana confirm whether it was still outstanding. Given the passage of time, compounded by the major regime change in Ghana, the IJ was reasonable in doubting the continuing validity of the warrant. Moreover, the IJ reasonably found that even if Quansah had been entitled to the presumption of a well-founded fear, Ghana's political situation had improved sufficiently to rebut that presumption. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Quansah admitted that Rawlings was no longer in power, that the candidate Rawlings favored lost in the most recent election, and that his own party had been legalized, and failed to submit any evidence to the contrary. He argues that the IJ ignored the evidence in the 2001 State Department report of political instability and police violence; however, this evidence of generalized violence is insufficient to bolster his specific claim— that he fears arrest because of his role in releasing his friend from jail ten years ago. Therefore, substantial evidence supports the IJ's finding that Quansah did not have a well-founded fear of persecution.

Quansah failed to address the IJ's denial of either withholding or CAT relief in his brief to this Court and therefore these claims are deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending request for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).